# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>    Petitioner,<br><br>   v.<br><br>PUBLIC DEFENDER'S OFFICE,<br><br>    Respondent. | 1:10-cv-00840-SMS (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on May 13, 2010. Petitioner contends that the criminal charges filed against him need to be investigated by federal authorities because his rights are not been protected by his assigned counsel. The petition must be dismissed. DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

1    In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
of state remedies requires that petitioners "fairly presen[t]" federal claims to the
state courts in order to give the State the "'opportunity to pass upon and correct
alleged violations of the prisoners' federal rights" (some internal quotation marks
omitted). If state courts are to be given the opportunity to correct alleged violations
of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
are asserting claims under the United States Constitution. If a habeas petitioner
wishes to claim that an evidentiary ruling at a state court trial denied him the due
process of law guaranteed by the Fourteenth Amendment, he must say so, not only
in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

   Our rule is that a state prisoner has not "fairly presented" (and thus
exhausted) his federal claims in state court *unless he specifically indicated to
that court that those claims were based on federal law*. See Shumway v. Payne,
223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
Duncan, this court has held that the *petitioner must make the federal basis of the
claim explicit either by citing federal law or the decisions of federal courts, even
if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
(9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
underlying claim would be decided under state law on the same considerations
that would control resolution of the claim on federal grounds. Hiivala v. Wood,
195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
(9th Cir. 1996); . . . .
   In Johnson, we explained that the petitioner must alert the state court to
the fact that the relevant claim is a federal one without regard to how similar the
state and federal standards for reviewing the claim may be or how obvious the
violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, Petitioner is challenging actions by his counsel regarding his pending criminal charges in state court.  However, Petitioner acknowledges that he did not seek review in the California Supreme Court.  (Petition, at 5.)  Thus, the Court must dismiss the petition because it contains unexhausted claims.  Rose v. Lundy, 455 U.S. at 521-522.[1]

---

[1] In addition, it appears that Petitioner has not completed the state criminal process for which he complains.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Moreover, federal courts *can* abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination.  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14, 96 S.Ct. 1236, 1244 (1976); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063 (1959); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17, 116 S.Ct. 1712, 1721 (1996).  Because Petitioner's state criminal proceeding are ongoing, even if Petitioner's claims were exhausted, this Court would be required to abstain review until the state proceeding are complete.

<u>ORDER</u>

Accordingly, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is dismissed;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed. Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:    June 4, 2010**            /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE